CANFIELD RUBBER Co. *v.* GROSS and another.

*(Circuit Court, D. Massachusetts.* September 12, 1887.)

PATENTS FOR INVENTIONS—INFRINGEMENT—PRELIMINARY INJUNCTION.

Complainant was the owner of letters patent for an improved dress shield for the under part of the armhole of a dress. The shield was made of "stockinet," and coated on one side with a thin layer of India rubber. After being stretched upon a proper form, it was vulcanized by heat, to hold it in shape. The shield was of a crescent form, and without seam. Defendant's shield was similar, except that it had stockinet upon both sides of the rubber. It appeared that the idea of a seamless shield was not new with complainant, nor was there any patentable novelty in vulcanizing or heating the shield so that it should permanently hold its shape. *Held,* that the validity of complainant's patent was not sufficiently apparent to sustain a motion for a preliminary injunction against defendant for infringement.

In Equity.

*M. B. Philipp* and *J. L. S. Roberts,* for complainant.

*F. H. Betts,* for defendants.

COLT, J. This is a motion for a preliminary injunction. The complainant is the owner of letters patent dated June 18, 1878, granted to G. W. Wood, for an improved dress shield for the under part of the armhole of a dress. The shield is made of thin elastic webbing known

as "stockinet," and coated on one side with a thin layer of India rubber. It is then cut into pieces of the proper size, preferably square, and stretched upon a form of the shape required in making the complete shield. This form is of sheet metal with an upper concave edge, and with catch pins or points around its convex edge. This piece of stockinet coated with India rubber is applied to this form in such manner that it passes over the concave edge, and extends down on both sides of the form, and is held in position by the pins. In this condition it is vulcanized by heat, in consequence of which it thereafter holds its shape. After unhooking the edges of the fabric from the pins, the shield is trimmed, and it is then ready for use. The first claim is for "a shield for garments, made of one piece of stockinet coated with rubber, of a crescent form, and without seam, as a new article of manufacture." The defendants' shield is similar, except that it has stockinet on both sides of the rubber, which is undoubtedly an improvement.

The main ground of defense to this motion is the want of patentability of the Wood shield, in view of the prior state of the art. Shields made of two pieces of India rubber, covered by a textile fabric, and united by a crescent-shaped seam or joint, are found described in the Hotchkiss patent, dated November 1, 1870. The advantages of the Wood shield are that it is seamless, and that its shape is set by a process of vulcanization. But Wood was not the first to make a seamless shield, for we find such a shield described in the Beames patent of October 22, 1872. The Beames shield was made of an oval piece of linen or muslin; and by the aid of a form made for the purpose, and a hot iron, there was produced a crescent-shaped seamless shield. It cannot, therefore, be said that the invention of a seamless shield of a crescent shape originated with Wood. The attempt to carry the invention of Wood back more than five years from the date of his application, and so prior to the date of the Beames patent, is not made out with sufficient certainty upon the papers before me. But it is said that the Beames shield would not retain its shape, and that Wood, by vulcanizing or heating, set the shield so that it permanently retains its form. If this last idea was new with Wood, it is clear that his patent should be sustained. The difficulty, however, is that the idea of setting India rubber articles permanently into different forms, by making the articles upon forms or moulds, and exposing them to the vulcanizing process, is very old in the art of India rubber manufacture. In the English patent granted to Thomas Hancock, September 17, 1846, for improvements in the manufacturing and treating articles made of caoutchouc, either alone or in combination with other substances, the specification says: "When I manufacture these compounds into articles requiring to be of a permanent shape or form, I make such articles in or upon forms, moulds, plates, or engraved surfaces or patterns, by pressing, fitting, placing, or moulding such compounds, previously prepared, in sheets or otherwise in or upon such moulds or forms, and allowing the articles to remain there while exposed to the vulcanizing process, which effectually sets them permanently to the respective forms."

Without pursuing this inquiry further, it is sufficient to say that I am not entirely free from doubt, upon the evidence before me, as to the validity of the Wood patent; and therefore, bearing in mind the rules which govern the courts in motions of this character, whatever may be the ultimate conclusion of the court upon final hearing, it is clearly my duty to deny the present motion. Motion denied.